IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HALE AND TRUE, LLC | CHAPTER 7 |
| Debtor | No. 25-12620-djb |

**ORDER GRANTING FIRST COMMONWEALTH BANK'S OBJECTIONS TO DEBTOR'S FILED SCHEDULES AND TO DEBTOR'S DISCHARGE**

AND NOW, this _____ day of _____, 2025, upon consideration of the Objections to Debtor's Filed Schedules and to Discharge filed by First Commonwealth Bank, successor by merger to Centric Bank ("FCB"), and any response thereto, and for the reasons stated on the record, it is hereby:

ORDERED that FCB's Objection to Debtor's Schedules is SUSTAINED; and it is further

ORDERED that the Debtor shall, within fourteen (14) days of entry of this Order, file amended Schedules that properly identify First Commonwealth Bank as a secured creditor holding claims in the amount of $276,948.92, plus accruing interest, fees, and costs; and it is further

ORDERED that the Debtor shall, within fourteen (14) days of entry of this Order, file amended Schedules that accurately reflect the fair market value of all assets, including but not limited to the brewery equipment identified in Schedule A/B; and it is further

ORDERED that FCB is granted leave to conduct discovery pursuant to Bankruptcy Rule 2004 regarding the Debtor's assets, financial affairs, and the accuracy of the Schedules; and it is further

ORDERED that FCB may amend or supplement its objections based upon information obtained through discovery or investigation; and it is further

ORDERED that FCB reserves all rights as a secured creditor under the Bankruptcy Code, including but not limited to the right to credit bid at any sale of the Debtor's assets pursuant to 11 U.S.C. § 363(k).

BY THE COURT:

_____
J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HALE AND TRUE, LLC <br> Debtor | CHAPTER 7 <br> No. 25-12620-djb |

## CREDITOR FIRST COMMONWEALTH BANK'S OBJECTIONS TO DEBTOR'S FILED SCHEDULES AND TO DEBTOR'S DISCHARGE

Secured Creditor First Commonwealth Bank, successor by merger to Centric Bank ("FCB" or "Creditor"), by and through its counsel, the Berger Law Group, P.C., hereby objects to Debtor Hale and True, LLC's Discharge and Filed Bankruptcy Schedules (the "Schedules") and to any subsequent bankruptcy discharge, as follows:

## BACKGROUND

1. Debtor Hale and True, LLC (the "Debtor") commenced this bankruptcy proceeding on or about June 29, 2025, by filing a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2. FCB is the successor by merger to Centric Bank, which entity extended credit to the Debtor.

3. On or about October 19, 2017, Centric Bank provided a loan to Debtor in the original principal amount of $243,000.00 pursuant to the terms of that certain SBA Promissory Note dated October 19, 2017 ("Note 1").

4. On or about April 3, 2018, the principal amount of Note 1 was subsequently increased to $333,000.00 through an Allonge dated April 3, 2018.

5. Also on or about October 19, 2017, Centric Bank provided an additional loan to Debtor in the original principal amount of $25,000.00 pursuant to the terms of that certain SBA Promissory Note dated October 19, 2017 ("Note 2"). [Note 1 and Note 2 are collectively referred

to herein as the "Notes"].

6. Debtor also executed those certain security agreements dated October 19, 2017, which provided Centric Bank with a security interest in all of the Debtor's collateral, including all of the Debtor's equipment, inventory, accounts, general intangible assets, and fixtures (the "Collateral").

7. To perfect the security interest in the Collateral, Centric Bank filed those certain UCC-1 Financing Statements on November 6, 2017 and November 16, 2017. A true and correct copy of the filed UCC-1s are attached hereto and made a part hereof as Exhibit "A".

8. The Debtor defaulted on its obligations to Centric Bank (now FCB) by virtue of various events, including without limitation, its failure to make payments when due on the two loans.

9. As of June 17, 2025, the total amounts due and owing to FCB are as follows:

   a. Note 1: $259,794.55 (consisting of principal of $252,548.84, accrued interest of $5,460.93, late charges of $319.82, and curtailment penalty of $1,464.96);

   b. Note 2: $17,154.37 (consisting of principal of $16,958.53, accrued interest of $163.78, and late charges of $32.06)

10. The total amount owed to FCB as of June 17, 2025 is $276,948.92.

11. Interest continues to accrue daily on both Notes at the applicable rates set forth in the loan documents.

12. FCB is a secured creditor of the Debtor, holding valid and perfected security interests in the Debtor's assets pursuant to the security agreements and the filed UCC-1 Financing Statements.

## OBJECTIONS TO SCHEDULES

### A. The Debtor's Schedule D Fails to Properly Identify FCB as a Secured Creditor

13. The Debtor's Schedule D lists secured claims totaling $450,000.00 but attributes all such claims to "Small Business Administration" and "U.S. Dept of the Treasury."

14. The Debtor's Schedule D wholly fails to identify FCB as a secured creditor, despite FCB holding secured claims in the approximate amount of $276,948.92.

15. Upon information and belief, the Debtor has improperly lumped FCB's secured debt together with any potential EIDL or other SBA debt, thereby obscuring FCB's separate identity and rights as a secured creditor.

16. FCB is not the Small Business Administration, nor is it the U.S. Department of the Treasury. FCB (as successor to Centric Bank) is a private commercial lender that made SBA-guaranteed loans to the Debtor, which is materially different from direct government lending.

17. The Debtor's failure to properly identify FCB as a secured creditor prejudices FCB's rights and ability to participate in this bankruptcy proceeding.

18. The failure to properly identify FCB specifically prejudices FCB's rights by: (a) preventing FCB from receiving proper notice of any proposed sale of assets; (b) impairing FCB's ability to credit bid at any asset sale pursuant to 11 U.S.C. § 363(k); (c) obscuring FCB's priority position vis-à-vis other creditors; and (d) potentially affecting the distribution of estate assets to FCB.

19. The Debtor has a duty under 11 U.S.C. § 521(a)(1) to file accurate schedules of assets and liabilities. The failure to properly identify creditors constitutes a violation of this statutory duty.

20. Bankruptcy Rule 1008 requires that all petitions, lists, schedules, statements, and amendments thereto be verified or contain an unsworn declaration under penalty of perjury. The Debtor's principals have certified the accuracy of the Schedules despite the material omission of FCB as a separately identified secured creditor.

21. The Debtor's Schedules must be amended to properly identify FCB as a secured creditor, and to accurately reflect the amounts owed to FCB.

**B. The Debtor's Schedules May Undervalue Assets**

22. The Debtor's Schedule A/B values the Debtor's total assets at only $43,350.00, including:

   a. $17,000.00 in bank accounts;

   b. $0.00 in inventory;

   c. $350.00 in office furniture;

   d. $16,000.00 in machinery and equipment; and

   e. $10,000.00 in intangibles/goodwill.

23. Upon information and belief, the Debtor operated a brewery at 613-615 South 7th Street, Philadelphia, PA 19147.

24. The valuation of brewery equipment at only $16,000.00 appears suspiciously low for a business that included "3 ten barrel fermentation tanks, 4 ten barrel brite tanks, 1 ten barrel hot liquor tank" as described in Schedule A/B.

25. Upon information and belief, commercial brewery equipment of the type and quantity listed in the Debtor's schedules typically has significantly higher market value, even in used or distressed sale conditions.

26. FCB reserves the right to investigate the actual value of the Debtor's assets, and to

object to any undervaluation that would prejudice creditors.

## OBJECTION TO DISCHARGE

27. To the extent that the Debtor has failed to properly disclose all assets or has undervalued assets in its Schedules, such conduct may constitute grounds for denial of discharge under 11 U.S.C. § 727.

28. Specifically, the Debtor's conduct may constitute grounds for denial of discharge under: a. 11 U.S.C. § 727(a)(4)(A) - for knowingly and fraudulently making a false oath or account in connection with the case; b. 11 U.S.C. § 727(a)(2)(A) - if the Debtor has concealed property or undervalued assets with intent to hinder, delay, or defraud creditors; and/or c. 11 U.S.C. § 727(a)(2)(B) - if the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which the Debtor's financial condition might be ascertained.

29. The Debtor's complete failure to identify FCB as a secured creditor in Schedule D, despite owing FCB approximately $276,948.92, constitutes a material omission that may warrant denial of discharge under 11 U.S.C. § 727(a)(4)(A).

30. The omission of a secured creditor owed over a quarter million dollars cannot be considered a minor or inadvertent error. Such omission is material because it:

   a. Affects the administration of the estate;

   b. Impacts creditor distributions;

   c. Deprives FCB of notice and the ability to protect its interests; and

   d. Misrepresents the true nature and extent of the Debtor's secured obligations.

31. The Debtor's principals signed the Schedules under penalty of perjury, certifying their accuracy and completeness despite this glaring omission.

32. FCB reserves the right to further investigate the Debtor's assets and financial affairs

and to assert additional grounds for objection to discharge based upon such investigation.

## RESERVATION OF RIGHTS

33. FCB expressly reserves the right to:

   a. Conduct an examination of the Debtor and its principals pursuant to Bankruptcy Rule 2004;

   b. Investigate the Debtor's financial affairs, asset transfers, and business operations;

   c. Amend or supplement this objection based upon information discovered through investigation or examination;

   d. Object to any claims filed in this case;

   e. Object to any proposed sale of assets that does not maximize value for creditors; and/or

   f. Assert any and all rights available to secured creditors under the Bankruptcy Code.

WHEREFORE, First Commonwealth Bank, successor by merger to Centric Bank, respectfully objects to the Debtor's filed Schedules and requests that:

   a. The Court enter an Order requiring the Debtor to amend its Schedules to properly identify First Commonwealth Bank as a secured creditor in the amount of approximately $276,948.92;

   b. The Court enter an Order requiring the Debtor to provide accurate valuations of all assets;

   c. To the extent grounds exist, the Court deny the Debtor's discharge;

   d. The Court conduct an evidentiary hearing on these objections;

   e. The Court grant FCB leave to conduct discovery regarding the Debtor's assets and financial affairs; and

f. The Court grant such other and further relief as is just and proper.

Respectfully Submitted,

BERGER LAW GROUP, P.C.

Dated: 7/8/25        By: /s/: Phillip D. Berger, Esq.
                     PHILLIP D. BERGER, ESQUIRE
                     919 Conestoga Road, Building 3, Suite 114
                     Bryn Mawr, PA 19010
                     (610) 668-0800
                     *Attorneys for First Commonwealth Bank*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

IN RE: HALE AND TRUE, LLC | CHAPTER 7

Debtor | No. 25-12620-djb

---

## *CERTIFICATE OF SERVICE*

I, Phillip D. Berger, Esquire, do hereby certify that on this date I caused a true and correct copy of the Objections to Debtor's Filed Schedules to be filed electronically.

Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Further, the foregoing Objections were also served on the following party via first-class mail, postage prepaid:

> HALE AND TRUE, LLC
> 613-615 South 7th Street
> Philadelphia, PA 19147

> BERGER LAW GROUP, P.C.

Dated: 7/8/25

By: /s/: Phillip D. Berger, Esq.
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0800
*Attorneys for First Commonwealth Bank*

**EXHIBIT A**



**COMMONWEALTH OF PENNSYLVANIA**
Bureau Of Corporations and Charitable Organizations
Robert Torres
Acting Secretary of the Commonwealth
UNIFORM COMMERCIAL CODE FILING ACKNOWLEDGEMENT

11/14/2017

Centric Bank
4320 Linglestown Road
Harrisburg, PA 17112

File Number : 2017110601581   Filing Date : 11/06/2017   Filing Type: UCC

Lapse Date: 11/06/2022                                    Pages: 6

**Indexed Debtor(s):**

Commercial:

HALE & TRUE LLC 613-615 South 7th Street PHILADELPHIA PA 19147

**Secured Party(s)/Assignee(s):**

Commercial:

CENTRIC BANK, ITS SUCCESSORS AND/OR ASSIGNS AS THEIR INTEREST MAY APPEAR 4320 LINGLESTOWN ROAD HARRISBURG PA 17112

**Other Information:**

Please review the above information that was indexed in our database. We have indexed the above information exactly as it was presented on your enclosed filing. If ther is an error please contact our office at the number listed below. If you wish to make a change from your original document an amendment(UCC-3) with the appropriate fee is required.

UCC Filing Fees:  UCC-1 and UCC-3 $84.00 UCC-11 $12.00 Copies $3.00

Please refer to the Secretary of State's web page at

www.dos.state.pa.us/corps for additional filing information.

206 North Office Building
Harrisburg, PA 17120
(717) 787-1057
www.dos.state.pa.us/corps

Folder B0000072310 Tracking: TMI 171106 IM1779

Filing#: 2017110601581
Date Filed: 11/06/2017
Robert Torres
Acting Secretary of the Commonwealth

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CENTRIC BANK
4320 LINGLESTOWN RD
HARRISBURG, PA 17112

TML171106JM1779

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| HALE & TRUE LLC | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 613-615 South 7th Street | | PHILADELPHIA | PA | 19147 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| Not Applicable | | LLC | PENNSYLVANIA | | NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
| Not Applicable | | | | | NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| CENTRIC BANK, ITS SUCCESSORS AND/OR ASSIGNS AS THEIR INTEREST MAY APPEAR | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 4320 LINGLESTOWN ROAD | HARRISBURG | PA | 17112 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL PERSONAL PROPERTY OWNED BY DEBTOR, INCLUDING BUT NOT LIMITED TO EQUIPMENT, FIXTURES, CHATTEL PAPER, FITTINGS, APPLIANCES, APPARATUS, CHATTELS AND ARTICLES OF PERSONAL PROPERTY NOW OR AT ANY TIME HEREAFTER AFFIXED TO, ATTACHED TO, INSTALLED AT, PLACED UPON OR IN ANY WAY USED IN CONNECTION WITH THE OPERATION OF THE PROPERTY LOCATED AT 613-615 South 7th Street, Philadelphia, PA 19147, AND ANY AND ALL REPLACEMENT THEREOF AND ADDITIONS THEREOF, AND WITHOUT LIMITATION, THE PROPERTY SET FORTH IN THE ATTACHED SCHEDULE A.

ALL BUSINESS PERSONAL PROPERTY OWNED BY DEBTOR, INCLUDING BUT NOT LIMITED TO CASH, ACCOUNTS RECEIVABLES, INVENTORY, FURNITURE, FIXTURES MACHINERY, EQUIPMENT, LEASEHOLD IMPROVEMENTS, CHATTEL PAPER AND GENERAL INTANGIBLES, INCLUDING THE PRODUCTS AND PROCEEDS THEREOF, NOW OWNED OR HEREAFTER ACQUIRED, AND WITHOUT LIMITATION, THE PROPERTY SET FORTH IN THE ATTACHED SCHEDULE A.

**5. ALTERNATIVE DESIGNATION** [if applicable]: LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING

**6.** This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

City of Philadelphia
Records Department
City Hall
Philadelphia PA 19107

Receipt: 17-118094

| Product | Name | Extended |
|---|---|---|
| UU | UCC - ORIGINAL | $188.50 |
| | # Pages | 8 |
| | Document # | 53292554 |
| UCC Fee - UCC | | $96.00 |
| Recording Fee - UCC | | $75.00 |
| County Fee | | $2.00 |
| State Writ Tax | | $0.50 |
| Records Improvement Fee - QD | | $15.00 |
| Total | | $188.50 |
| Tender (Recording Check) | | $188.50 |

Check # 4436

Paid By Name: CLASSIC BUSINESS SERVICES LLC

Thank You!

11/16/17 9:47 AM

This Document Recorded    Doc Id: 53292554    Doc Code: UU
11/16/2017 09:47 AM    Receipt #: 17-119094
Rec Fee: $189.50
Records Department, City of Philadelphia    MB

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CENTRIC BANK
4320 LINGLESTOWN RD
HARRISBURG, PA 17112

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: **HALE & TRUE LLC**

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 613-615 South 7th Street | PHILADELPHIA | PA | 19147 | USA |

1d. SEE INSTRUCTIONS: Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION: LLC | 1f. JURISDICTION OF ORGANIZATION: PENNSYLVANIA | 1g. ORGANIZATIONAL ID #, if any: NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

(blank)

2d. SEE INSTRUCTIONS: Not Applicable

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: **CENTRIC BANK, ITS SUCCESSORS AND/OR ASSIGNS AS THEIR INTEREST MAY APPEAR**

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4320 LINGLESTOWN ROAD | HARRISBURG | PA | 17112 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ALL PERSONAL PROPERTY OWNED BY DEBTOR, INCLUDING BUT NOT LIMITED TO EQUIPMENT, FIXTURES, CHATTEL PAPER, FITTINGS, APPLIANCES, APPARATUS, CHATTELS AND ARTICLES OF PERSONAL PROPERTY NOW OR AT ANY TIME HEREAFTER AFFIXED TO, ATTACHED TO, INSTALLED AT, PLACED UPON OR IN ANY WAY USED IN CONNECTION WITH THE OPERATION OF THE PROPERTY LOCATED AT 613-615 South 7th Street, Philadelphia, PA 19147, AND ANY AND ALL REPLACEMENT THEREOF AND ADDITIONS THEREOF, AND WITHOUT LIMITATION, THE PROPERTY SET FORTH IN THE ATTACHED SCHEDULE A.

ALL BUSINESS PERSONAL PROPERTY OWNED BY DEBTOR, INCLUDING BUT NOT LIMITED TO CASH, ACCOUNTS RECEIVABLES, INVENTORY, FURNITURE, FIXTURES MACHINERY, EQUIPMENT, LEASEHOLD IMPROVEMENTS, CHATTEL PAPER AND GENERAL INTANGIBLES, INCLUDING THE PRODUCTS AND PROCEEDS THEREOF, NOW OWNED OR HEREAFTER ACQUIRED, AND WITHOUT LIMITATION, THE PROPERTY SET FORTH IN THE ATTACHED SCHEDULE A.

5. ALTERNATIVE DESIGNATION [if applicable]: LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME: HALE & TRUE LLC

9b. INDIVIDUAL'S LAST NAME / FIRST NAME / MIDDLE NAME, SUFFIX:

**10. MISCELLANEOUS:**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME:

11b. INDIVIDUAL'S LAST NAME / FIRST NAME / MIDDLE NAME / SUFFIX:

11c. MAILING ADDRESS / CITY / STATE / POSTAL CODE / COUNTRY:

11d. SEE INSTRUCTIONS: Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any — NONE

**12.** ADDITIONAL SECURED PARTY'S or ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME:

12b. INDIVIDUAL'S LAST NAME / FIRST NAME / MIDDLE NAME / SUFFIX:

12c. MAILING ADDRESS / CITY / STATE / POSTAL CODE / COUNTRY:

**13.** This FINANCING STATEMENT covers [ ] timber to be cut or [ ] as-extracted collateral, or is filed as a [X] fixture filing.

**14. Description of real estate:**

613-15 S 7th St
Philadelphia, PA 19147-2126

Parcel #004S240562
Acct #87-1-0469-60

County of Philadelphia,
Commonwealth of Pennsylvania

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

Center City Properties LLC
613-15 S 7th St
Philadelphia, PA 19147-2126

**16.** Additional collateral description.

**17.** Check only if applicable and check only one box.
Debtor is a [ ] Trust or [ ] Trustee acting with respect to property held in trust or [ ] Decedent's Estate

**18.** Check only if applicable and check only one box.
[ ] Debtor is a TRANSMITTING UTILITY
[ ] Filed in connection with a Manufactured-Home Transaction — effective 30 years
[ ] Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

## SCHEDULE A

### Attached to and made a part of the Security Agreement

All present and future rights, title and interests of the Debtor in and to:

1. Accounts;
2. Chattel Paper;
3. Condemnation Proceeds;
4. Contracts;
5. Deposit Accounts;
6. Documents;
7. Electronic Chattel Paper;
8. Equipment;
9. General Intangibles;
10. Goods;
11. Instruments;
12. Insurance Policies;
13. Inventory;
14. Investment Property;
15. Letter of Credit Rights;
16. Materials;
17. Security Deposits;
18. Trademarks; and
19. to the extent not otherwise included, all Proceeds and products of any or all of the foregoing.

As used in this Security Agreement the above-referenced terms shall have the following meanings, unless the context otherwise requires:

1. **"Accounts"** shall mean all Accounts as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor. Supplementing the foregoing and without limiting the foregoing, accounts shall and is hereby declared to include, without being limited to, (i) any and all book debts, notes, drafts, acceptances, contract rights, and the right to receive the Proceeds of purchase orders and contracts; (ii) reserves and credit balances arising hereunder; (iii) guarantees or collateral for any of the foregoing; and (iv) insurance policies or rights relating to any of the foregoing.

2. **"Chattel Paper"** shall mean all Chattel Paper as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

3. **"Condemnation Proceeds"** shall mean all compensation, awards, damages, rights of action and proceeds arising from any taking by any lawful power or authority by exercise of the right of condemnation or eminent domain with respect to any of the Collateral.

4. **"Contracts"** shall mean all contracts, licenses, instruments, undertakings, documents or other agreements in or under which the Debtor may now or hereafter have any rights, title or interests, including, without limitation, (i) any claim arising thereunder from misrepresentation

or breach of warranty, and (ii) all such agreements which pertain to the lease, sale, construction, design, manufacture or other disposition of any Equipment, fixtures, real property or any interest in real property as any of the same may from time to time be amended or supplemented (with the prior written consent of the Lender), other than such contracts, instruments, undertakings, documents or other agreements which specifically prohibit their assignment as security, provided, that notwithstanding any such prohibition such contracts, instruments, undertakings, documents or other agreements shall be deemed to be Contracts to the extent that such prohibition is inconsistent with the provisions of the applicable Uniform Commercial Code.

5. **"Deposit accounts"** shall mean all Deposit Accounts as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

6. **"Documents"** shall mean all Documents as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

7. **"Electronic Chattel Paper"** shall mean all Electronic Chattel Paper as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

8. **"Equipment"** shall mean all Equipment as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor. Supplementing the foregoing and without limiting the foregoing, equipment shall and is hereby declared to include, without being limited to, all personal property, including that constituting machinery, equipment, plant, furnishings, fixtures and other fixed assets now owned or hereafter acquired by the Debtor, including, without limitation, all items of machinery and equipment of any kind, nature, and description whether affixed to real property or not, including automobiles, trucks and vehicles of every description, trailers, handling and delivery equipment, fixtures and office furniture, as well as all additions to, substitutions for, replacements of or accessions to any of the items recited as aforesaid and all attachments, components, parts (including spare parts) and accessories whether installed thereon or affixed thereto and all fuel for any thereof.

Further supplementing the foregoing and without limiting the foregoing, equipment shall and is hereby declared to include, without being limited to, all screens, awnings, storm windows and doors, window shades, blinds, drapery and curtain rods, brackets, electric and other signs, dynamos, generators, engines, ducts, switchboards, controls, motors, belting, gas and electric fixtures, bulbs, wiring, conduits and other gas and electric equipment, apparatus, machinery, fittings, appliances and appurtenances, elevators, escalators, power and machinery plants for running and operation of elevators and escalators, fire prevention and extinguishing apparatus, bathtubs, sinks, water closets, basins, faucets, tanks, burners, furnaces, heaters, air conditioners, boilers, pipes, pumps, radiators, fans and other power, heating, plumbing, hot water, sanitary, drainage and ventilating apparatus and equipment, air conditioning and cooling systems and equipment, water cooling and condensing apparatus and equipment, apparatus for exclusion and extermination of vermin and insects, vacuum and other cleaning systems, dust removal apparatus, lifting and housekeeping machinery, apparatus and equipment, call systems and other communications systems, ash and fuel conveyors, incinerators, incinerating fixtures and equipment, laundry machinery, apparatus and equipment, laundry disposal equipment, cleaning and pressing apparatus and equipment, valet shop equipment, store fixtures and equipment,

murals, mirrors attached to walls, doors and other Loan, wall-to-wall carpets, linoleum, inlaid floor coverings, wall beds, radio and television apparatus and equipment, electronic apparatus and equipment, trees, shrubs, plants, planter and flower boxes, blackboards, bulletin boards, stanchions, easels, platforms, bars, bar equipment, beverage equipment, dining room and restaurant equipment, kitchen cabinets, gas electric and other stoves, ovens and ranges, fireless cookers, dishwashers, glasswashers, refrigerators, ice boxes, compressors, coils, water coolers and other refrigerating and cooking apparatus and equipment, medicine chests, commodes, hospital equipment, cornices, mantels, paneling, partitions, drafting tables, drawing boards, drawing cases, safes, cabinets, lockers, shelving, printing equipment and apparatus, public address systems, spotlight equipment, and all other articles, equipment, appliances, implements, devices and accessories or things whatsoever (including any and all accessions to, proceeds of replacements of and substitutions for the equipment), used or to be used, or placed or to be placed, in the rooms, halls, lounges, offices, lobbies, lavatories, basement cellars, vaults and other portions of the real property, whether herein enumerated or not, and whether or not affixed to the real property, and which are used or useful in the operation and maintenance thereof or in the business conducted therein.

9. **"General Intangibles"** shall mean all General Intangibles as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor. Supplementing the foregoing and without limiting the foregoing, general intangibles shall and is hereby declared to include, without being limited to, trademarks, trade names and patents and applications therefor, intellectual property, goodwill, service marks, copyrights, permits and licenses now owned or hereafter acquired by the Debtor.

10. **"Goods"** shall mean all Goods as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

11. **"Instruments"** shall mean all Instruments as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

12. **"Insurance Policies"** shall mean all the Debtor's right, title and interest under any policy of insurance affecting the Collateral, including, without limitation, unearned premiums thereon.

13. **"Inventory"** shall mean all Inventory as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor. Supplementing the foregoing and without limiting the foregoing, inventory shall and is hereby declared to include, without being limited to, inventory, wherever located, now owned or hereafter acquired by the Debtor or in which the Debtor now has or hereafter may acquire any rights, title or interests including, without limitation, all goods and other personal property now or hereafter owned by the Debtor which are held for sale or lease or are furnished or are to be furnished under a contract of service or which constitute raw materials, work in process or materials used or consumed or to be used or consumed in the Debtor's business, or in the processing, packaging or shipping of the same, and all finished goods.

14. **"Investment Property"** shall mean all Investment Property as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

15. **"Letter of Credit Rights"** shall mean all Letter of Credit Rights as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor.

16. **"Materials"** shall mean all supplies and building materials acquired by the Debtor and intended for incorporation or installation in the Premises prior to the time the same are so incorporated or installed.

17. **"Proceeds"** shall mean all Proceeds as such term is now or hereafter defined in the applicable Uniform Commercial Code, now or hereafter owned by the Debtor. Supplementing the foregoing and without limiting the foregoing, proceeds shall and is hereby declared to include, without being limited to, (i) any and all proceeds of any insurance, indemnity, warranty or guaranty payable to the Debtor from time to time with respect to any of the Collateral, (ii) any and all payments (in any form whatsoever) made or due and payable to the Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral by any governmental body, authority, bureau or agency or any other Person (whether or not acting under color of governmental authority) and (iii) any and all other amounts from time to time paid or payable under or in connection with any of the Collateral.

18. **"Security Deposits"** shall mean all rights of the Debtor in any security deposits held pursuant to the terms of any lease affecting any real property or any part thereof upon which the Lender holds a mortgage.

19. **"Trademarks"** shall mean (a) all trademarks, trade names, corporate names, company names, business names, fictitious business names, trade styles, service marks, logos, other source and business identifiers, trademark registrations and applications for registration, now owned or hereafter acquired by the Debtor; (b) all renewals, extensions and continuations-in-part of the items referred to in clause (a) above; (c) any written agreement granting any right to use any trademark or trademark registration; and (d) the right to sue for past, present and future infringements of the foregoing.